## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **DEDRIC POWELL,** | : | **CASE NO.** _____ |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **COMPLAINT** |
| | : | |
| **CBRE, Inc.** | : | **JURY DEMAND ENDORSED HEREON** |
| **c/o C.T. Corporation System** | : | |
| **4400 Easton Commons Way** | : | |
| **Suite 125** | : | |
| **Columbus OH 43219** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

Plaintiff, Dedric Powell ("Powell"), through counsel, for his causes of action against

Defendant, CBRE, Inc., ("CBRE"), state as follows:

### PARTIES AND JURISDICTION

1.     At all times relevant herein, Plaintiff, Dedric Powell, was a resident of Hamilton

County, Ohio.

2.     At all times relevant herein, Defendant, CBRE, Inc., was a foreign, for-profit

corporation incorporated in Delaware with a principal place of business in Texas, licensed to

conduct business in Ohio, and conducting business in Hamilton County, Ohio.

3.     CBRE entered into an employment contract with Mr. Powell, the performance of

which was to principally occur in Hamilton County, Ohio. (Exhibit 1)

### FACTS COMMON TO ALL ALLEGATIONS

4.     The preceding allegations are incorporated as if fully restated herein.

5.     On July 20, 2021, CBRE made a written offer of employment to Mr. Powell (the

"Offer"). (Exhibit 1)

1

garvey | shearer | nordstrom

6.   The Offer contained an estimated start date of August 1, 2021.

7.   The only applicable precondition in the Offer was the "successful completion of your background screening" by Mr. Powell:

**Estimated Start Date:**
August 01, 2021

This estimated start date is pending based on the successful completion of your background screening. Please verify your start date with your Hiring Manager prior to reporting for work.

**Contingencies:**
This offer and your continued employment are contingent upon satisfactory results of a background check at the company's expense. You will receive an email from Sterling Talent Solutions with instructions to complete background investigation requirements with a link to an electronic consent form.

8.   The Offer provided the following "Location" for Mr. Powell's employment:

**Location:**
Cincinnati, Ohio

9.   The Offer provided that Mr. Powell would report to Samuel Sockwell, Director, Sr. Managing:

**Reports To:**
Samuel Sockwell, Director, Sr. Managing

10.   The Offer provided that Mr. Powell would be compensated as follows:

a.   $285,000 annually;

b.   annual bonus of $450,000 to $900,000;

c.   $600,000 Signing Incentive; and

d.   $75,000 equity grant effective calendar year 2022.

11.   On July 27, 2021, Mr. Sockwell set Mr. Powell's "official start date" as August 24, 2021, (Exhibit 2):

2

garvey | shearer | nordstrom

**From:** Sockwell, Sam @ Dallas <Sam.Sockwell@cbre.com>
**Sent:** Tuesday, July 27, 2021 8:56 AM
**To:** Palermo, Lisa @ San Jose <Lisa.Palermo@cbre.com>
**Cc:** Wine, Ramona @ Seattle <Ramona.Wine@cbre.com>
**Subject:** Ric Powell

Good morning. The official start date for Ric Powell will be August 24, 2021.

12.     On July 28, 2021, Mr. Powell received an email regarding the background screening process. Mr. Powell forwarded the email to Mr. Sockwell, asking "if there is anything I need to do." Mr. Sockwell responded "Nothing you need to do." (Exhibit 3)

13.     After being advised by Mr. Sockwell that nothing further was needed from him as to the background screening process, and in reasonable and foreseeable reliance on same, later in the day on July 28, 2021, Mr. Powell advised CBRE that he had informed his former employer, JLL, that he was leaving to accept the position with CBRE. (Exhibit 4)

14.     On July 29, 2021, Mr. Powell received an email from the CBRE Talent Acquisition account confirming that he had "successfully cleared the background screening process." Further, that email advised Mr. Powell that "[a] member of your hiring team will contact you with information about your first day of employment." (Exhibit 5)

3

garvey | shearer | nordstrom

Dear Ric,

Congratulations! You have successfully cleared the background
screening process.

Please visit your **Candidate Onboarding Portal** to review any items that
may require attention before your start date.

A member of your hiring team will contact you with information about
your first day of employment.

Thank you,

CBRE Talent Acquisition

15. As of Mr. Powell's satisfaction of the background clearance process, CBRE's Offer converted to a fully executed contract by way of Mr. Powell satisfying the one and only contingency/precondition at issue – clearing the background screening process.

16. Mr. Powell disclosed the full circumstances of his prior employment with CBRE to Mr. Sockwell, a CBRE Director, at the outset of their discussions regarding possible re-employment.

17. Consistent with this, on August 17, 2021, Julie Smith, CBRE's Business Partner Director, confirmed in writing that she, and by virtue of her knowledge and role as Director, CBRE, were aware that Mr. Powell was previously employed with CBRE (Exhibit 6):

4

garvey | shearer | nordstrom

**From:** Smith, Julie @ Dearborn <Julie.Smith@cbre.com>
**Date:** Tuesday, August 17, 2021 at 10:52 AM
**To:** Ric Powell <ric.powell@veregate.com>
**Subject:** CBRE Benefit Info

Ric

Thanks for taking the time to meet with me this morning to discuss your return to CBRE and the associated HR related matters.

<p align="center">***</p>

Julie Smith (she/her), SPHR, SHRM-SCP | Business Partner Director

18.     On August 20, 2021, CBRE sent a letter to Mr. Powell purporting to withdraw "the conditional offer" made to Mr. Powell (Exhibit 7).

19.     Contrary to Ms. Smith's August 17, 2021, acknowledgment of Mr. Powell's prior employment history with CBRE, the stated, and false, reason for the attempted withdrawal of the Offer was "material omissions from you related to your employment history with CBRE." (Exhibit 7)

20.     CBRE is charged with knowledge of their own business records.

21.     At all relevant times, CBRE's business records contained Mr. Powell's employment history with CBRE.

22.     CBRE is charged with knowledge of their employees, managers, and directors.

23.     At all relevant times, CBRE's employees, managers, and directors possessed fully and complete knowledge of Mr. Powell's employment history with CBRE.

24.     Mr. Powell did not make any material omissions related to his employment history with CBRE.

25.     Mr. Powell fully performed all contractual obligations and was ready, willing, and able to begin his employment with CBRE on the established start date.

<p align="center">5</p>

<p align="center">garvey | shearer | nordstrom</p>

26.     CBRE, without justification, refused to permit Mr. Powell to begin his employment on his start date.

27.     CBRE, without justification, has refused to pay Mr. Powell any amounts owed under the contract.

## COUNT ONE

### BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND DAMAGES

28.     The preceding allegations are incorporated as if fully restated herein.

29.     Defendant made a contingent contract offer of employment to Mr. Powell.

30.     Mr. Powell satisfied the only precondition in the Offer.

31.     Mr. Powell accepted the Offer.

32.     Mr. Powell reasonably and foreseeably relied on the Offer, Defendant's representation that he satisfied the only precondition at issue in the Offer, and the established start date of his employment with CBRE.

33.     The Offer became a fully executed contract upon Mr. Powell's acceptance of same and his satisfaction of the only precondition at issue contained in the Offer.

34.     Defendant breached the employment contract.

35.     Defendant's breach of contract damaged Mr. Powell in excess of $25,000.

36.     Defendant's breach of contract was and are intentional, malicious, and fraudulent.

37.     Defendant's breach of contract is without legal excuse or justification.

38.     Mr. Powell substantially and fully complied with his obligations under the contract.

39.     Mr. Powell is entitled to specific performance of Defendant's contractual obligations.

6

garvey | shearer | nordstrom

40.     Mr. Powell has requested Defendant comply with the contract, but Defendant has refused and ignored Mr. Powell's attempts.

41.     Mr. Powell is entitled to attorney fees, costs, expenses, interest, and punitive damages.

## COUNT TWO

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

42.     The preceding allegations are incorporated as if fully restated herein.

43.     In every contract or agreement there is an implied promise of good faith and fair dealing.

44.     Each party to this contract is not supposed to unfairly interfere with the right of the other party to receive the benefits of the contract.

45.     Mr. Powell performed all, or substantially performed all, of his obligations under the contract.

46.     Defendant has unfairly interfered with Mr. Powell's right to receive benefits under the contract, and have thereby breached the covenant of good faith and fair dealing.

47.     Plaintiff has been financially harmed by Defendant's conduct.

48.     By reason of Defendant's breach of its covenant of good faith and fair dealing, Mr. Powell is entitled to direct, consequential, and incidental damages as well as attorney fees.

49.     Mr. Powell has been damaged in excess of the minimal jurisdictional limits of the Court.

50.     Mr. Powell is entitled to attorney fees, costs, expenses, interest, and punitive damages.

7

garvey | shearer | nordstrom

## COUNT THREE

### PROMISSORY ESTOPPEL

51.    The preceding allegations are incorporated as if fully restated herein.

52.    Defendant made a clear and unambiguous promise of employment and payments to Mr. Powell.

53.    It was reasonable and foreseeable that Mr. Powell would, and did, rely on Defendant's clear and unambiguous promise.

54.    Mr. Powell actually relied on Defendant's clear and unambiguous promise.

55.    It was to the detriment of Mr. Powell to rely on the clear and unambiguous promise of Defendant.

56.    Mr. Powell has been damaged in an amount in excess of $25,000 due to Defendant's conduct.

57.    Defendant's conduct was intentional, reckless, and malicious.

58.    Mr. Powell is entitled to attorney fees and punitive damages.

### COUNT FOUR

### CONVERSION

59.    The preceding allegations are incorporated as if fully restated herein.

60.    Defendant has wrongfully exercised dominion or control over property in exclusion of Mr. Powell's right.

61.    Defendant has withheld property from Mr. Powell's possession under claims inconsistent with Mr. Powell's rights.

62.    Mr. Powell had an ownership or right to possession of the property at the time of the conversion.

garvey | shearer | nordstrom

63.    Defendant converted by wrongful acts or disposition of Mr. Powell's property right.

64.    Mr. Powell has been damaged in excess of the minimal jurisdictional limits of the Court.

65.    Mr. Powell has demanded the return of the property after Defendant wrongfully exercised dominion or control over the property.

66.    Defendant has refused to deliver the property to Mr. Powell.

67.    Defendant's conduct was reckless, intentional, and/or malicious.

68.    Mr. Powell is entitled to attorney fees, costs, expenses, interest, and punitive damages.

## COUNT FIVE

## CIVIL THEFT

106.    Plaintiffs incorporate all prior allegations of this Complaint as if fully restated.

107.    Through its actions, Defendant has acted in bad faith and has wrongfully converted assets belonging to Mr. Powell, which Defendant knows belong to Mr. Powell.

108.    Mr. Powell's assets are valued in excess of $75,000.

109.    Defendant's actions in converting Mr. Powell's assets constitutes grand theft, a Fourth Degree Felony in the state of Ohio under Ohio Revised Code § 2913.02(B)(2) for theft.

110.    Defendant is civilly liable for liquidated damages caused by acts of theft in the State of Ohio.

111.    As a direct and proximate result of Defendant's conversion and theft, Mr. Powell' has suffered damages in an amount in excess of $25,000, entitling Mr. Powell to liquidated damages by statute in an amount in excess of $25,000.

9

garvey | shearer | nordstrom

112. Defendants' conversion and theft of property belonging to Mr. Powell was a willful, wanton and an unjustified theft of Mr. Powell's property so as to entitle Mr. Powell to an award of treble damages pursuant to R.C. §2307.61(A)(1)(b)(ii), irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price.

113. Mr. Powell demands liquidated damages in the statutory amount equal to three times the value of what was taken by the Defendant.

WHEREFORE, Plaintiff, Dedric Powell, prays for a judgment against Defendant, CBRE, Inc., as follows:

A.   An Order requiring specific performance of contract;

B.   An award of compensatory, consequential, direct, and incidental damages, and for pre-judgment and post-judgment interest in excess of twenty-five thousand ($25,000) dollars;

C.   An award for the costs, expenses, and reasonable attorney fees incurred by Plaintiff in this action;

D.   An award of punitive damages;

E.   Treble damages; and

H.   Such additional relief as this Court deems just and equitable.

garvey | shearer | nordstrom

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr. (0070805)
Jason E. Abeln (0079835)
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t:  859.308.1490
f:  866.675.3676
dshearer@gsn-law.com
jabeln@gsn-law.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury.

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr.
Jason E. Abeln

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please issue Summons and a copy of this Complaint by certified mail, return receipt requested, upon the Defendant as follows:

**CBRE, Inc.**
**c/o C.T. Corporation System**
**4400 Easton Commons Way**
**Suite 125**
**Columbus OH 43219**

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr.
Jason E. Abeln

11

garvey | shearer | nordstrom

People Team
2100 Ross Ave
Suite 1600

Dallas, TX 75201

www.cbre.com

July 20, 2021

Ric Powell
6248 Davon Court

Cincinnati, Ohio, 45140



**EXHIBIT
1**

Dear Ric:

Congratulations on your new opportunity with CBRE! We hope you will find your new position to be a challenging and rewarding experience. This letter serves to confirm the full and complete terms of our employment offer and supersedes any prior discussions or agreements.

**Position:**
Managing Director, Sales Solutions- Req#12346

**Estimated Start Date:**
August 01, 2021

This estimated start date is pending based on the successful completion of your background screening. Please verify your start date with your Hiring Manager prior to reporting for work.

**Location:**
Cincinnati, Ohio

**Reports To:**
Samuel Sockwell, Director, Sr. Managing

**Compensation:**
$285,000.00 annually

**Senior Leadership Bonus Plan (SLBP):**
You will be eligible for a discretionary bonus award under the terms of the Senior Leadership Bonus Plan ("SLBP"), a copy of which can be provided to you upon request. You will have a target bonus of $450,000.00, with a maximum potential of $900,000.00. For calendar year 2021, you will have a pro-rated bonus amount of $450,000, that will be contingent upon you achieving an achieved performance review rating or above. Bonus payments are contingent upon Company profitability and in all cases, are paid at the sole discretion of the Company. As stated in the SLBP, an express condition of earning or vesting in this bonus is your continued employment through the date bonuses are paid. The bonus payment date is normally on or before March 15 of the succeeding year, but the Company reserves the right to change this date as it deems appropriate. Should you leave our employment prior to the date on which bonuses are paid, no bonus will have been earned or vested and none will be payable, except as may be provided in the SLBP.

**Signing Incentive:**
In addition to the compensation in the preceding paragraphs, you will be paid a one-time only Signing Incentive of $600,000.00, payable and earned on the following terms and conditions. On or before the thirtieth (30th) day after the Effective Date, CBRE will advance to you a sum equal to the Signing Incentive ("Advance"). The Advance shall be subject to normal tax withholdings as required by law. Should you terminate your employment voluntarily prior to five years of service, you will not have earned the Signing Incentive and you agree to repay to CBRE the full amount of the Advance. You will have earned the Signing Incentive if you remain an employee of CBRE for five years after the Effective Date. In the event that your employment or association with CBRE is terminated within five years from the Effective Date: (A) by CBRE for other than "Cause" (as defined in CBRE's Severance Plan), or (B) due to your death or "Permanent Disability" (as defined by the ADA), you will have no further obligation to repay the Signing Incentive. In the event your employment or association with CBRE is terminated within five years from the Effective Date by CBRE for Cause, you will repay to CBRE the full amount of the Advance.

**Equity:**
You will be eligible to be considered for CBRE's broad-based equity incentive program in the same manner under the same conditions set by CBRE that other similarly situated executives are eligible to participate. All grants are subject to the approval of the Compensation Committee of CBRE's Board of Directors each year prior to making the grant. The specific form of the grant (e.g. restricted stock units), the number of units and vesting period are determined at the sole discretion of CBRE at the time of the grant. In calendar year 2022, you will be considered for an equity grant with an approximate value of $75,000.00.

**Benefits for Full Time Employees:**
Eligibility in the corporate welfare benefits package, which includes medical, dental, vision, disability, health care and dependent care reimbursement accounts, life and AD&D insurance, commences on the first day of the month coinciding with or following your date of hire (those who begin employment on the first day of the month, become eligible that same day). You must make your plan elections within 31 calendar days from

date of hire. Otherwise, you will only be covered under the company-paid benefit plans for which you are eligible and you will not have another opportunity to enroll in the plans until the annual open enrollment in November, which becomes effective January 1.

Eligibility for the CBRE 401(k) Plan is effective beginning on your date of hire. However, your active participation in the Plan begins with the first pay period after you contact Fidelity, the record keeper for the CBRE 401(k) Plan, to designate your contribution percentage and make your investment selections. It may take up to seven business days to transmit your data and establish your eligibility record in Fidelity's system.

### HCE Benefits:

As outlined by Company policy, salaried exempt employees earning a base salary of $100,000.00 or more are considered to be participants of our "Highly Compensated Employee" (HCE) program. As a participant, you are eligible to take unlimited Paid Time Off (PTO) so long as you are performing satisfactorily and meeting your performance priorities. With the exception of emergency circumstances such as unforeseen sick time, PTO is subject to prior authorization of your manager. In addition to the HCE PTO benefit, employees within the HCE Program are entitled to enhanced benefits.

### Contingencies:

This offer and your continued employment are contingent upon satisfactory results of a background check at the company's expense. You will receive an email from Sterling Talent Solutions with instructions to complete background investigation requirements with a link to an electronic consent form.

You are advised not to resign or leave your current employer or turn down other employment opportunities until you are notified that you have satisfactorily passed the background investigation.

This offer is also contingent upon our verification of your employment eligibility in the United States as required by Federal Immigration law. After your offer letter has been accepted, you will be prompted to sign-in and complete Section 1 of your electronic I-9 Form using E-Verify as part of the Pre-Boarding Process.

### New Employee Documents:

During your first 72 hours of employment you will be completing a variety of company documents, including the completion of your electronic I-9 form. Please complete your portion of the electronic I-9 before beginning employment. Please bring the documents used with you to work on your first day in order to verify your identity and employment eligibility in the United States so CBRE can complete its portion of the I-9. A link to instructions and the list of acceptable documents will be included on the first page of the electronic I-9 Form and can also be found on the US Citizenship and Immigration Services website.

Names, social security numbers, and birth dates of dependents or beneficiaries for insurance purposes will be needed later for benefits. Please gather your documents before your start date.

### Tax Withholding:

Upon your start date with CBRE, your tax withholdings will be defaulted to "Single, with no Allowances." If you would like to change your withholdings from "Single, with no Allowances" or add additional amount of taxes withheld from each paycheck, you will be able to change your tax withholding online, from work or home via Employee Self Service.

### Confidentiality:

The protection of confidential information and trade secrets is essential for CBRE, its companies and employees future security. To protect such information, employees may not disclose any trade secrets or confidential information (defined further in CBRE's policies). The Company's Confidentiality Policy is ongoing even after employment with the Company terminates. Under the Federal Defend Trade Secrets Act of 2016, you shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made: (a) (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; (b) to your attorney in relation to a lawsuit for retaliation against you for reporting a suspected violation of law; or (c) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

### Work Product:

CBRE will exclusively own all work product that is made by you (solely or jointly with others) within the scope of your employment with CBRE, and you hereby irrevocably and unconditionally assign to CBRE all right, title, and interest worldwide in and to such work product. You understand and agree that you have no right to publish on, submit for publishing, or use for any publication any work product protected by this paragraph, except as necessary to perform services for CBRE.

### Mutual Arbitration:

In the event of any dispute, claim, or controversy that could otherwise be raised in court ("Claims") between you and the Company (including all of its current or former officers; directors; members; employees; vendors; clients; agents; parent, subsidiary, and affiliated entities; benefit plans; benefit plans' sponsors; fiduciaries; administrators; and all successors and assigns of any of them), we jointly agree to submit all such Claims to binding arbitration and waive any right to a jury trial in court.

The Claims subject to arbitration include all claims arising from or related to your employment or the termination of your employment including, but not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for misappropriation of trade secrets or unfair competition; claims for wrongful termination or unjustified dismissal; claims for discrimination, harassment or retaliation (including, but not limited to, race, sex, religion, national origin, age, marital status, or medical condition or disability, such as for example, under the Massachusetts Fair Employment Practices Act and similar state and federal anti-discrimination statutes); claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one); and claims for

violation of any federal, state, or governmental law, statute, regulation, or ordinance. Claims not covered by this arbitration provision are: claims for workers' compensation or unemployment benefits (except in Puerto Rico, this exclusion does not include claims for violation of employment reserve or claims for non-reinstatement, which are covered by this Agreement); petitions or charges filed with the National Labor Relations Board, Equal Employment Opportunity Commission, or a similar government agency; and claims which are not subject to arbitration or pre-dispute arbitration agreements pursuant to federal law. Moreover, any party may seek provisional relief from a court upon the ground that the award to which the party may be entitled may be rendered ineffectual without provisional relief.

All Claims subject to arbitration must be brought in the party's individual capacity, and not as a plaintiff or class member in any class, collective, or representative action. Any disputes concerning the validity of this multi-plaintiff, class, collective and representative action waiver will be decided by

a court of competent jurisdiction, not by the arbitrator. In the event a court determines this waiver is unenforceable with respect to any Claim, then this waiver shall not apply to that Claim, and that Claim may only proceed in court.

The arbitration (i) shall be conducted pursuant to the JAMS Employment Arbitration Rules & Procedures to the extent they do not conflict with this provision, which are incorporated by reference and may be accessed at https://www.jamsadr.com or by calling JAMS at (800) 352-5267; (ii) shall be heard before a retired State or Federal judge in the county containing the CBRE office in which you were last employed, unless the parties agree otherwise; and (iii) must be initiated within the time period required under the applicable statute of limitations. Each party shall have the right to conduct discovery adequate to fully and fairly present the claims and defenses consistent with the streamlined nature of arbitration.

The arbitrator shall apply the substantive law relating to all claims and defenses to be arbitrated the same as if the matter had been heard in court, including the award of any remedy or relief on an individual basis. The arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. The arbitrator's decision or award shall be final and binding and may be filed in any court of competent jurisdiction so that judgment may be entered upon it or it may be corrected, modified, or vacated on any ground permitted by applicable law.

The Company shall pay for all fees and costs of the Arbitrator, including any fees and costs that would not be incurred in a court proceeding. Each party shall pay for its own costs and attorneys' fees, if any, except as otherwise required by law.

The Federal Arbitration Act (9 U.S.C. Sections 1, et seq.) shall govern this arbitration provision and State arbitration statutes (such as, for example, N.H. Rev. Stat. Ann. § 542, et seq.) shall apply only to the extent they are not preempted. If any part of this arbitration provision is held to be invalid, void, or unenforceable, it shall be interpreted in a manner or modified to make it enforceable. If that is not possible, it shall be severed and the remaining terms shall remain in full force and effect.

**At Will Employer:**
CBRE is an "at will" employer which means that either you or CBRE may terminate the employment agreement at any time with or without notice or cause.

Prior to your first day of employment, you will receive an email containing information on how to access our New Hire website and how to complete your electronic I-9 form using e-Verify. Please take time to read the information thoroughly and bring all paperwork required on your first day of employment. On behalf of all of us at CBRE, we are excited that you will join us and we hope that you find your association with our Company to be challenging and fulfilling in every respect.

If you have any questions, please do not hesitate to contact your Hiring Manager at 214-863-3410 or Sam.Sockwell@cbre.com.

Sincerely,

**Chandra Dhandapani**
**Chief Administrative Officer**



**From:** Ric Powell <ric.powell@veregate.com>
**Date:** Wednesday, July 28, 2021 at 12:34 PM
**To:** Sockwell, Sam @ Dallas <Sam.Sockwell@cbre.com>, Palermo, Lisa @ San Jose
<Lisa.Palermo@cbre.com>
**Subject:** Re: Ric Powell

Here you go. Please let me know if you need anything else.

---

**From:** "Sockwell, Sam @ Dallas" <Sam.Sockwell@cbre.com>
**Date:** Tuesday, July 27, 2021 at 4:59 PM
**To:** "Palermo, Lisa @ San Jose" <Lisa.Palermo@cbre.com>, Ric Powell <ric.powell@veregate.com>
**Subject:** Re: Ric Powell

Ric,

Can you please send your resume or bio to Lisa (copied).

Thanks,

Sam

```
EXHIBIT
2
```

**From:** "Palermo, Lisa @ San Jose" <Lisa.Palermo@cbre.com>
**Date:** Tuesday, July 27, 2021 at 3:34 PM
**To:** Sam Sockwell <Sam.Sockwell@cbre.com>
**Subject:** RE: Ric Powell

Sam....Who can I reach out to for his resume' please?

---

**From:** Sockwell, Sam @ Dallas <Sam.Sockwell@cbre.com>
**Sent:** Tuesday, July 27, 2021 8:56 AM
**To:** Palermo, Lisa @ San Jose <Lisa.Palermo@cbre.com>
**Cc:** Wine, Ramona @ Seattle <Ramona.Wine@cbre.com>
**Subject:** Ric Powell

Good morning. The official start date for Ric Powell will be August 24, 2021.

Sam Sockwell
Senior Managing Director
CBRE | Global Workplace Solutions
2100 McKinney Avenue | Suite 900 | Dallas, TX 75201
T 214 863 3410 | C 214 403 4687
sam.sockwell@cbre.com | www.cbre.com

Please consider the environment before printing this email.

This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.

📧 **RIC_POWELL_Bio_Resume_2021.docx**
4225K



**From:** Sockwell, Sam @ Dallas <Sam.Sockwell@cbre.com>
**Date:** Wednesday, July 28, 2021 at 12:58 PM
**To:** Ric Powell <ric.powell@veregate.com>
**Subject:** Re: Dedric Powell - Prehire for 1668003-PRE-OH1352-Director, Managing-08/24/2021

Nothing you need to do. I received your ID, email, etc.

On 7/28/21, 11:37 AM, "Ric Powell" <ric.powell@veregate.com> wrote:

External

Hi Sam, I received this message. Please let me know if there is anything I need to do.

On 7/28/21, 11:01 AM, "us_svc_ibot_hr01" <us_svc_ibot_hr01@cbre.com> wrote:

The People Service Center has received a request to process your prospective employee Dedric Powell and there are just a few more steps that may need to be completed before they are ready to officially start.

Look for a separate communication from People letting you know the employee has completed a background screening and is able to start work.

Make sure you have received the employee's credentials, including employee id, email address, username and temporary password. You should receive these emails within 24 hours.

Verify the employee's employment eligibility (Form I-9) on their first day of work.

Contact us as soon as possible if the employee's start date changes to avoid potential payroll and

**EXHIBIT
3**

benefits enrollment issues.

If you have questions or need to notify us of incorrect or missing information, simply reply to the ticket or call the People Service Center at +1 866 225 3099. Thank you for helping us prepare for your new employee's arrival and ensuring a smooth transition to CBRE!

Thanks,

People Service Centre

NOTE: This is a system generated email and the emails are not tracked for response. DO NOT REPLY.



**From:** Ric Powell <ric.powell@veregate.com>
**Date:** Wednesday, July 28, 2021 at 3:57 PM
**To:** Mackay, Darcy @ San Francisco <Darcy.Mackay@cbre.com>, Sockwell, Sam @ Dallas
<Sam.Sockwell@cbre.com>
**Subject:** Update

Hi Darcy and Sam,

I shared my decision with JLL leadership today. They were surprised, disappointed and wanted
to think through potential options.  I expressed my gratitude, reinforced my decision to move
forward with CBRE and shared my exit plan.  After a few jokes and statements of mutual
admiration, they wished me luck.  I suspect they will send an announcement soon.

Looking forward to the next chapter.

Ric

<div style="border:1px solid black">
EXHIBIT
4
</div>



**From:** Ric Powell <ric.powell@veregate.com>
**Date:** Thursday, July 29, 2021 at 4:37 PM
**To:** Sockwell, Sam @ Dallas <Sam.Sockwell@cbre.com>
**Subject:** FW: Congratulations! You have successfully cleared the background screening process.

Hi Sam,

FYI... Per this email I checked the Candidate Onboarding Portal again, and it looks like I've completed all of the required screening. Thanks.

---

**From:** CBRE Talent Acquisition <noreply@cbre.com>
**Date:** Thursday, July 29, 2021 at 4:32 PM
**To:** Ric Powell <ric.powell@veregate.com>
**Cc:** Cheryl.Cherilus@cbre.com <Cheryl.Cherilus@cbre.com>, Julie.Miller7@cbre.com <Julie.Miller7@cbre.com>, Sam.Sockwell@cbre.com <Sam.Sockwell@cbre.com>
**Subject:** Congratulations! You have successfully cleared the background screening process.

<div style="border:2px solid black; display:inline-block; padding:8px; text-align:center;">

**EXHIBIT
5**

</div>



Dear Ric,

Congratulations! You have successfully cleared the background screening process.

Please visit your **Candidate Onboarding Portal** to review any items that may require attention before your start date.

A member of your hiring team will contact you with information about your first day of employment.

Thank you,

CBRE Talent Acquisition

www.CBRE.com

Copyright © 2021 CBRE, INC. All rights reserved.



**From:** Smith, Julie @ Dearborn <Julie.Smith@cbre.com>
**Date:** Tuesday, August 17, 2021 at 10:52 AM
**To:** Ric Powell <ric.powell@veregate.com>
**Subject:** CBRE Benefit Info

Ric

Thanks for taking the time to meet with me this morning to discuss your return to CBRE and the associated HR related matters.

Attached is CBRE's confidential Benefit Guide for your review. Once you are active in CBRE's systems you will be able to make your benefit selections and will need to do so within 30 days of hire.

Additionally, please bring your I9 verification documents with you on the 24th when you meet in the Cincinnati office in order for your documents to be verified in compliance with federal regulations. Attached is the list of acceptable documents.

Prior to coming to the office, please complete Section 1 of the electronic I-9. The link is in your portal.

Please let me know if you have any questions or need anything else.

```
┌─────────────┐
│  EXHIBIT    │
│      6      │
└─────────────┘
```

Julie Smith (she/her), SPHR, SHRM-SCP | Business Partner Director

CBRE | People

2000 Town Center, Suite 2200 |Southfield, MI 48075

+1 810 217 0519

Julie.Smith@cbre.com | www.cbre.com


Follow CBRE:  CBRE.com | LinkedIn | Twitter | Instagram | Facebook | Weibo | WeChat


**Reminder -   For Payroll, Benefits, or MyHR: contact HRServiceCenter@cbre.com or 866-225-3099**


Please consider the environment before printing this email.


This message and any attachments may be privileged, confidential or proprietary.  If you are not the intended recipient of this email or believe that you have received this correspondence in error, please contact the sender through the information provided above and permanently delete this message.

---

**2 attachments**

📄 **2021_BenefitsGuide_SalHourW2.pdf**
   1710K

📄 **I9 acceptable documents.pdf**
   128K





COMMECIAL REAL ESTATE SERVICES·

CBRE, Inc.

**VIA ELECTRONIC MAIL AND OVERNIGHT MAIL**

August 20, 2021

Dedric Powell
6248 Davon Court
Loveland, OH 45140

Dear Dedric:

On behalf of CBRE, this letter is to notify you that we have withdrawn the conditional offer made to you for employment with our organization. Our decision was based on material omissions from you related to your employment history with CBRE. If you have any additional information to provide to CBRE related to these omissions, we are open to reconsidering this decision. At this time, however, the decision remains.

You will receive an overnight mail shipping package at your home address. Please return CBRE's laptop and any other CBRE property in your possession immediately. Furthermore, the terms of the Recruitment Agreement ("Agreement") remain in effect, including, but not limited to, your obligations to maintain the confidentiality of all "CBRE Confidential Information" as outlined in the Agreement.

We wish you the best in your future endeavors.

Sincerely,

Sam Sockwell
Senior Managing Director
CBRE | Global Workplace Solutions
2100 McKinney Avenue | Suite 900 | Dallas, TX 75201
T 214 863 3410 | C 214 403 4687
sam.sockwell@cbre.com | www.cbre.com

```
EXHIBIT
7
```


## Service of Process Transmittal Summary

**TO:**    Chad Doellinger, Deputy General Counsel/Global Litigation
CBRE, Inc.
2100 MCKINNEY AVE STE 700
DALLAS, TX 75201-6909

**RE:**    **Process Served in Ohio**

**FOR:**    CBRE, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DEDRIC POWELL vs. CBRE, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Hamilton County Court of Common Pleas, OH<br>Case # A2202654 |
| **NATURE OF ACTION:** | Plaintiff claims for unfairly interfered right to receive benefits under the contract, and have thereby breached the covenant of good faith and fair dealing made by defendant |
| **PROCESS SERVED ON:** | C T Corporation System, Columbus, OH |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/29/2022 postmarked on 07/26/2022 |
| **JURISDICTION SERVED:** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David A. Shearer, Jr.<br>GARVEY I SHEARER I NORDSTROM, PSC<br>2388 Grandview Dr.<br>Ft. Mitchell, KY 41017<br>859.308.1490 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/01/2022, Expected Purge Date: 08/06/2022<br><br>Image SOP<br><br>Email Notification,  Chad Doellinger  chad.doellinger@cbre.com<br><br>Email Notification,  Tejas Padhiar  tejas.padhiar@cbre.com<br><br>Email Notification,  Nicholas Watson  Nicholas.Watson@cbre.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PAVAN PARIKH
COUNTY COURTHOUSE ROOM
375
1000 MAIN STREET
CINCINNATI OH 45202
A 2202654 D 1

# CERTIFIED MAIL

neopost
07/26/2022
US POSTAGE $008.16⁹

FIRST-CLASS MAIL

ZIP 45202
041L12204677



7194 5168 6310 0967 5590

07/26/2022  SUMMONS & COMPLAINT
CBRE INC
CO CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS OH 43219