**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DEDRIC POWELL** | ) | CASE NO. 1:22-cv-00496-JPH |
| | ) | |
| *Plaintiff* | ) | JUDGE JEFFERY P. HOPKINS |
| | ) | |
| v. | ) | **NOTICE OF SERVICE OF** |
| | ) | **DISCOVERY TO PLAINTIFF** |
| **CBRE, INC.** | ) | |
| | ) | |
| *Defendant* | ) | |

Defendant CBRE, Inc. gives notice that Defendant's Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition, attached herein, was served upon the following via email on September 24, 2025:

David Shearer Jr. Esq.
Jason Abeln, Esq.
Garvey Shearer Nordstrom PSC
2388 Grandview Drive
Fort Mitchell, KY 41017
dshearer@garveyshearer.com
jabeln@gsn-law.com

Respectfully submitted,

*/s/ Mark R. Illingworth*
Dolores P. Garcia (0085644)
Mark R. Illingworth (0104540)
UB Greensfelder LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
dgarcia@ubglaw.com

*Attorneys for Defendant CBRE, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DEDRIC POWELL** | ) | CASE NO. 1:22-cv-00496-JPH |
| | ) | |
| *Plaintiff* | ) | JUDGE JEFFERY P. HOPKINS |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S OBJECTIONS TO** |
| **CBRE, INC.** | ) | **PLAINTIFF'S NOTICE OF RULE** |
| | ) | **30(b)(6) DEPOSITION** |
| *Defendant* | ) | |

**DEFENDANT CBRE, INC'S OBJECTIONS TO**
**PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Fed. R. Civ. P. 26 and 30, Defendant CBRE, Inc. ("CBRE"), responds and objects to Plaintiff Dedric Powell's Rule 30(b)(6) Notice of Deposition ("Notice") as follows:

## GENERAL OBJECTIONS

CBRE makes the following General Objections to the Notice and topics. CBRE incorporates these General Objections by reference into each response as if fully set forth in each. The assertion of the same, similar, or additional objections in response to specific topics does not waive any of CBRE's General Objections. No objection is waived by providing testimony in response to the topics, in whole or in part. Any response provided is subject to and limited by all General Objections. All testimony is provided without prejudice to CBRE's right to provide additional evidence at the time of trial. Discovery and CBRE's investigation into the matters raised by Plaintiff's written discovery is ongoing. All testimony provided is based on information discovered to date, and CBRE reserves the right to provide additional evidence at the time of trial:

1. CBRE objects to each topic to the extent it seeks information protected by the

attorney/client privilege, attorney work-product doctrine and/or other privileges or protections.

2. Inadvertent disclosure of any information subject to such privilege or protection shall not constitute a waiver of the privilege or protection or the right of CBRE to object to discovery, disclosure, or use of such information.

3. CBRE objects to the noticed date of deposition of September 30, 2025, on the grounds that it provides insufficient notice and time to prepare a witness(es) to testify on the numerous topics identified.

4. CBRE objects to the Notice as untimely and served in bad faith, with the apparent intent to harass CBRE on the eve of the discovery deadline.

5. CBRE objects to the timing of the deposition, which is scheduled for the final day of discovery, as it appears calculated to deprive CBRE of any opportunity to pursue follow-up discovery based on the Plaintiff's questioning or testimony elicited.

6. CBRE objects to the extent that producing names for each and every topic would necessarily include dozens of employees, many of whom were only tangentially involved. Thus, the undue burden placed on CBRE to produce them far exceeds any relevance their testimony would have in this case.

7. CBRE objects to the Notice and each topic to the extent they seek to impose obligations greater than or different from those set forth in the Fed R. Civ. P. and/or the Local Rules for the Federal District Court for the Southern District of Ohio. CBRE assumes no obligations other than those contained in the applicable rules.

8. CBRE objects to each topic to the extent that it seeks information outside of CBRE's possession, custody, and control and/or from other entities.

9. CBRE objects to the topics to the extent that they do not describe with reasonable

particularity the matters for examination as required by Fed. R. Civ. P. 30(b)(6).

10. CBRE objects to the topics as cumulative and unduly burdensome to the extent that they seek information already provided to Plaintiff through, for example, responses to interrogatories, written discovery requests, and the depositions of Sam Sockwell and Julie Smith. CBRE further objects to the topics to the extent that they call for information that can be better ascertained through responses to written discovery and/or review of the documents already produced in discovery.

11. CBRE objects to the topics to the extent that they are overly broad, irrelevant to the issues in the case, and disproportionate to the needs of the case.

12. CBRE objects to each topic to the extent it seeks legal conclusions or contentions.

13. CBRE objects to each topic to the extent it seeks information beyond what is available to CBRE from a reasonable search of its own files and a reasonable inquiry of its present employees.

14. A response that CBRE will designate a witness(es) to testify about a topic is not an agreement with any factual assumptions or statements built into the topic, as written.

15. CBRE reserves the right to object to questions, or to designate additional witnesses or make designated witnesses available for additional testimony, to the extent any question could not be reasonably anticipated or is outside the scope of the Notice and topics raised.

## SPECIFIC OBJECTIONS

1. Facts pertaining to the allegations in the Complaint.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has provided initial disclosures, lay witness disclosures, deposition testimony from two employees, and produced thousands of documents thus far during discovery. Plaintiff is capable of discerning, from those records, which specific individuals he wishes to depose on this topic.

2. Facts pertaining to all asserted defenses.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has provided significant documentary and testimonial evidence related to its asserted defenses. Plaintiff is capable of discerning, from those records, which specific individuals he wishes to depose on this topic.

3. Defendant's Initial Disclosures.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, overly broad, unduly burdensome, disproportionate to the needs of the case, and potentially seeking information subject to the attorney client privilege and work product protection. Objecting further, CBRE states that its initial disclosures speak for themselves and so it is unclear what additional information Plaintiff could be seeking on this topic as noticed.

4. Defendant's Interrogatory Answers.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, overly broad, unduly burdensome, disproportionate to the needs of the case, and potentially seeking information subject to the attorney client privilege and work product protection. Objecting further, CBRE states that its Interrogatory Answers speak for themselves and so it is unclear what additional information Plaintiff could be seeking on this topic as noticed.

5. Defendant's Document Production.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, and potentially seeking information subject to the attorney client privilege and work product protection. Objecting further, CBRE states that it has produced thousands of documents in response to Plaintiff's requests, and to prepare a single designated witness on the whole of that production would be unduly burdensome and disproportionate to the needs of the case.

6. Plaintiff's Interrogatory Answers.

**RESPONSE**: No corporate representatives have information about Plaintiff's Interrogatory Answers.

7. Plaintiff's Document Production.

**RESPONSE:** No corporate representatives have information about Plaintiff's Document Production.

8. Defendant's recruitment of Plaintiff in 2021.

**RESPONSE:** CBRE objects to this topic as duplicative. Sam Sockwell, who testified that he was the primary point of contact for Plaintiff's recruitment in 2021, was already deposed. As such, seeking further testimony on this topic is unduly burdensome and disproportionate to the needs of the case.

9. Plaintiff's employment with Defendant in 2015/2016.

**RESPONSE:** CBRE objects to this topic as duplicative. Plaintiff already requested the deposition of John Latessa, Plaintiff's supervisor at the time of his employment with CBRE in 2015 and 2016. CBRE timely provided dates for Mr. Latessa's deposition well in advance of the discovery cutoff. Plaintiff's counsel never responded to the dates offered.

10. Defendant's W2 issued to Plaintiff in 2020.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, overly broad, unduly burdensome, disproportionate to the needs of the case, and potentially seeking information subject to the attorney client privilege and work product protection. Objecting further, CBRE states that the referenced document speaks for itself, and so it is unclear what additional information Plaintiff could be seeking on this topic as noticed.

11. Defendant's business records pertaining to Plaintiff.

**RESPONSE:** CBRE objects to this topic as vague. cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has provided initial disclosures, lay witness disclosures, deposition testimony from two employees, and produced thousands of documents thus far during discovery that could conceivably be considered "business records pertaining to Plaintiff." The documents speak for themselves and Plaintiff is capable of discerning, from those records, which specific individuals he wishes to depose on this topic.

12. Defendant's contracts and business relationship with Sterling Check Corp. and/or First Advantage Corporation.

**RESPONSE:** CBRE will produce a corporate representative for deposition at a date and time mutually agreed upon by the parties.

13. Defendant's background check policies and procedures.

**RESPONSE:** CBRE will produce a corporate representative for deposition at a date and time mutually agreed upon by the parties.

14. Defendant's rehire policies and procedures.

**RESPONSE:** CBRE will produce a corporate representative for deposition at a date and time mutually agreed upon by the parties.

15. Defendant's decision to terminate Plaintiff's employment in 2021.

**RESPONSE:** CBRE objects to this topic as Plaintiff was not employed by CBRE in 2021, and as such there is no designee that could testify to that non-existent employment. CBRE further objects to this topic as duplicative. Sam Sockwell, who testified that he was the person who made the decision to withdraw CBRE's offer of employment to Plaintiff, has

already provided deposition testimony on this topic. As such, seeking further testimony on this topic is unduly burdensome and disproportionate to the needs of the case.

16. Defendant's decision to withdraw Plaintiff's employment offer in 2021.

**RESPONSE:** CBRE objects to this topic as duplicative. Sam Sockwell, who testified that he was the person who made the decision to withdraw CBRE's offer of employment to Plaintiff, has already provided deposition testimony on this topic. As such, seeking further testimony on this topic is unduly burdensome and disproportionate to the needs of the case.

17. Defendant's policies and procedures regarding for cause terminations.

**RESPONSE:** CBRE objects to this topic as vague, cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has provided initial disclosures, lay witness disclosures, deposition testimony from two employees, and produced thousands of documents thus far during discovery. The documents speak for themselves and Plaintiff is capable of discerning, from those records, which specific individuals he wishes to depose on this topic.

18. Defendant's contracts with Plaintiff.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has already produced its contracts with Plaintiff and those documents speak for themselves. It is therefore unclear what additional testimony Plaintiff is seeking with this topic as noticed.

19. Defendant's signing incentive policies and procedures.

**RESPONSE:** CBRE objects to this topic as overly broad, unduly burdensome, and disproportionate to the needs of the case.

20. Defendant's decision to not pay Plaintiff the signing incentive.

**RESPONSE:** CBRE objects to this topic as duplicative. Sam Sockwell has already provided deposition testimony stating that he made the decision to withdraw CBRE's offer of employment and that, as a result, no signing incentive was owed to Plaintiff. Since Sam Sockwell has already provided deposition testimony on this topic, seeking additional testimony on this topic is unduly burdensome and disproportionate to the needs of the case.

21. Defendant's 2021 knowledge of Plaintiff's prior employment with Defendant.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE has provided initial disclosures, lay witness disclosures, deposition testimony from two employees, and produced thousands of pages of documents during discovery. These documents speak for themselves and Plaintiff is capable of discerning, from those records, which specific individuals he wishes to depose on this topic.

22. Defendant's policies and procedures for checking whether a prospective employee is a former employee of Defendant.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE further objects to this topic as duplicative, as Plaintiff has already deposed Julie Smith and asked questions regarding this topic.

23. Defendant's offer of employment to Plaintiff in 2021.

**RESPONSE:** CBRE objects to this topic as duplicative. Sam Sockwell, who testified that he was the primary point of contact for Plaintiff's recruitment in 2021 and additionally testified as to the decision-making process that led to making Plaintiff an offer of employment, was already deposed. As such, seeking further testimony on this topic is unduly burdensome and disproportionate to the needs of the case.

24. Conditions precedent to Plaintiff's entitlement to the signing incentive.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE further objects to this request as seeking a legal opinion from a lay witness. Finally, CBRE states that Plaintiff's offer letter speaks for itself and as such it is unclear what further testimony Plaintiff is seeking on this topic as noticed.

25. Plaintiff's compensation for his employment with Defendant in 2015/2016.

**RESPONSE:** CBRE objects to this topic as cumulative, overly broad, unduly burdensome, and disproportionate to the needs of the case. CBRE further objects that this information is readily available and in the possession of Plaintiff.

Respectfully submitted,

/s/ Dolores P. Garcia
Dolores P. Garcia (0085644)
UB Greensfelder LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1406
Phone: (216) 583-7000
Facsimile: (216) 583-7001
dgarcia@ubglaw.com

*Attorney for Defendant CBRE, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on September 24, 2025 a copy of the foregoing was served, by e-mail, upon the counsel of record listed below:

David Shearer Jr., Esq.
Jason Abeln, Esq.
2388 Grandview Drive
Fort Mitchell, KY 41017
dshearer@gsn-law.com
jabeln@gsn-law.com

*/s/ Dolores P. Garcia*
Dolores P. Garcia

*Attorney for Defendant, CBRE, Inc.*