IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEDRIC POWELL, | : |
| *Plaintiff*, | : Case No. 1:22-cv-00496 |
| v. | : Judge Jeffery P. Hopkins |
| CBRE, INC., | : |
| *Defendant*. | : |

### ORDER ON MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE AND MOTION TO QUASH

This matter is before the Court on two pending discovery motions, one brought by Defendant CBRE, Inc. ("CBRE") and one brought by Plaintiff Mr. Dedric Powell ("Powell"). CBRE filed a Motion to Extend the Discovery and Dispositive Motions Deadline ("Motion to Extend") (Doc. 46) and Powell filed a Motion to Quash a Subpoena ("Motion to Quash") (Doc. 47).

For the reasons stated herein, Defendant's Motion to Extend is **GRANTED**. Plaintiff's Motion to Quash is **DENIED**.

### I.  BACKGROUND

This lawsuit is about a hiring dispute which arose in 2021 between Powell and CBRE. CBRE gave Powell a written offer of employment on July 20, 2021. Compl., Doc. 2, ¶ 2. The offer of employment was contingent upon "successful completion of a background screening." *Id*. ¶ 7. Powell had previously worked for CBRE from October 8, 2015 until he left to work for a competitor on April 18, 2016. Powell Dep., Doc. 49, PageID 418; *Id*. at

38:25-39:8. Powell's employment contract in 2015 included a $250,000 loan to him from CBRE. Doc. 49, PageID 404. The employment contract promised him a $125,000 payment after the employment effective date but noted the loan repayment would be required if Powell left the company for other than a "Good Reason." *Id.* at PageID 406. CBRE alleges that Powell's departure to a competitor after only six months was not encompassed under a "Good Reason." Doc. 58, PageID 898. Powell did not pay back the loan payment. Powell Dep., Doc. 49, 35: 11-15.

When Powell completed the background check for renewed employment with CBRE, he omitted his prior employment with CBRE in his background screening questionnaire. Doc. 49, PageID 446. Later discovery of this omission was the basis of CBRE's recission of Powell's employment offer for cause. Doc. 58, PageID 986. The discovery process did not produce documentation of the precise language for the question Powell responded to when he input his employment history in his background screening questionnaire.

CBRE purchased the background check from an outside company, Sterling Check Corporation ("Sterling"). Mejia Dec., Doc. 54, ¶ 4. Powell served a subpoena on Sterling on July 15, 2025 to retrieve documentation of the information requested by Sterling from Powell. Doc. 27, PageID 277. Sterling responded to the subpoena on August 25, 2025. *Id.* Powell's attorneys, Mr. Jason Abeln ("Abeln") and Mr. David Shearer ("Shearer") did not promptly turn over the discovered documents. CBRE's attorney, Ms. Dolores Garcia ("Garcia"), issued a Discovery Deficiency letter to Shearer on August 29, 2025 requesting the results of the Sterling subpoena by September 12. Doc. 71, Ex. A, PageID 1335.

Although Shearer and Abeln had already had in their possession the documents for four days at the time of the request, they did not respond until after close of business on

September 12—two weeks later. Doc. 71, Ex. B, PageID 1337. The production from Sterling included eleven documents, eight of which related to a background check conducted for Powell's prior employment with CBRE in 2015. Doc. 71, PageID 1328. The other three documents only included an output by Sterling (final results of the background check) and Powell's inputs into the background questionnaire. *Id*. The documents did not include the questionnaire's language directing the information to be submitted by Powell. *Id*. Both parties seem to agree that the questions Powell was required to answer are a critical piece of information for resolving this case.

Within four days of receiving Shearer and Abeln's response to the discovery request, on September 16, 2025, a CBRE employee reached out to a Sterling representative to seek the missing information. Doc. 54, PageID 539. After some back-and-forth with Sterling, CBRE determined it needed to issue a subpoena in order for Sterling to produce the documents, doing so on September 25, 2025. Doc. 71, Ex. C, PageID 1339. The subpoena seeks "CBRE, Inc.'s background check questionnaire in July and August 2021 as well as any emails from Sterling Check Corp. to Plaintiff Dedric Powell asking him to complete a background questionnaire." *Id*.

CBRE subsequently filed the Motion to Extend on September 30, 2025, seeking a modest extension of the discovery and dispositive motion deadlines in order to obtain the required information as a result of the subpoena and to find an agreeable time to complete certain depositions. Doc. 46. Now, the deadline for discovery has passed. Doc. 17.

In addition to filing formal opposition to the Motion to Extend, (Doc. 59) Powell filed a Motion to Quash CBRE's subpoena to Sterling on October 3, 2025. Doc. 47. Both matters are now ripe for review.

## II. LAW AND ANALYSIS

### A. Motion to Extend

The Court will turn first to CBRE's Motion to Extend the Discovery and Dispositive Motion Deadline. Here, CBRE seeks to extend these deadlines for two main reasons. First, CBRE maintains it acted diligently in its efforts to timely obtain the documents from Sterling. Second, CBRE asserts that extending the discovery deadline will not prejudice Powell and may even offer an opportunity for him to conduct additional depositions he sought. Powell opposes this request on the basis that he asserts CBRE's efforts were not diligent.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *FIP Realty Co. v. Ingersoll-Rand plc*, No. 2:19-CV-3291, 2020 WL 6060412 at *4 (S.D. Ohio Oct. 14, 2020) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "Another important consideration… is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Here, the record clearly indicates that the moving party, CBRE, was diligent in attempting to retrieve the documents from Sterling. It further suggests that Counsel for Powell inexplicably withheld documents already in their possession for two weeks. Doc. 71, Ex. B, PageID 1337. CBRE acted promptly upon realizing that the questionnaire inputs by Powell had not been produced in the discovery effort conducted by Powell. Thus, good cause exists here.

Additionally, Powell will not suffer prejudice by virtue of an amendment to the discovery schedule. Powell's conduct has contributed to the delay. Furthermore, the

4

discovery request seeks documents which Powell apparently sought but failed to attain. Presumably, the documents would be useful to Powell as well. The extension would also allow Powell to conduct depositions of Ms. Mejia, who CBRE added to its initial disclosures at the close of the discovery period. Doc. 71, Ex. D, PageID 1342. In his response in opposition to the motion, Powell does not raise the issue of prejudice by virtue of amending the schedule. Therefore, this Court finds that an extension of discovery is appropriate, as CBRE was diligent in attempting to complete discovery in accordance with the schedule, and an extension would not be prejudicial to Powell. To mitigate any concerns related to the pending motions for summary judgment, the Court will allow each party an opportunity to supplement the motions and responses thereto.

### B. MOTION TO QUASH

The Court now turns to Powell's Motion to Quash a Subpoena. Powell seeks to quash the subpoena issued to Sterling, a non-party, on the basis that the subpoena is untimely and duplicative of the subpoena that Powell previously served on Sterling.

A threshold issue for seeking to quash a subpoena is standing, which must be considered before addressing the merits of a challenge to a subpoena. See *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-CV-0851, 2013 WL 146362, *5 (S.D. Ohio Jan. 14, 2013). "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Id.* (quoting *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 2801888, *4 (6th Cir. 1997)). Absent some privilege or personal right, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-876, 2009 WL 330314, *1 (S.D. Ohio

5

Feb. 6, 2009) (quoting *Donahoo v. Ohio Dept. of Youth Services*, 211 F.R.D. 303, 306 (N.D. Ohio 2002)).

Sterling is not a party to this suit. Powell's Motion to Quash does not assert a claim of personal right or privilege with regard to the documents sought. Therefore, Powell lacks standing to quash the subpoena and his motion must fail. Lacking standing, this Court declines to address the merits of his motion. *See Hackman*, 2009 WL 330314, at *2.

### III.     CONCLUSION

For the reasons stated above, Defendant's Motion to Extend is **GRANTED**. Plaintiff's Motion to Quash is **DENIED**. The Court directs the parties to meet, confer, and submit a Joint Status Report to the Court no later than January 7, 2026. This Report should propose an amended schedule for the completion of discovery, in addition to the need for any supplements to the previously filed Motions for Summary Judgment (Docs. 57, 58). The extension to the discovery period should be sufficient to allow Sterling to respond but shall not extend more than 30 days.

**IT IS SO ORDERED.**

December 17, 2025

Jeffery P. Hopkins
United States District Judge