**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DEDRIC POWELL,             :
                           :

     *Plaintiff,*            :     Case No. 1:22-cv- 496
                           :

v.                           :     Judge Jeffery P. Hopkins
                           :

CBRE, INC.,             :
                           :

     *Defendant.*          :
                           :

---

**ORDER**

---

This matter is before the Court on Mr. Powell's ("Plaintiff") Motion to Strike the Affidavit of John Latessa ("Mr. Latessa") and for Sanctions ("Motion for Sanctions") (Doc. 67) arising from CBRE's ("CBRE" or "Defendant") failure to produce Mr. Latessa for his noticed deposition. Having considered the parties' submissions and the record in this matter, and after being fully advised in the premises, for the reasons set forth below the Court **DENIES** Plaintiff's Motion for Sanctions. Doc. 67.

## I.    BACKGROUND

Beginning in the spring of 2025, Plaintiff sought to schedule depositions of witnesses Defendant had identified in its Fed. R. Civ. P. 26(f) Report disclosures to Plaintiff. Doc. 67, PageID 1117. On April 15, 2025, Plaintiff made a written request for deposition availability for those witnesses, specifically including Mr. Latessa, who had been named by Defendant in its initial disclosures. *Id.* John Latessa's title is President of Advisory Services and his LinkedIn profile describes him as having oversight over fourteen of CBRE's Midwest offices.

1

*Id.* at PageID 1122–23. Within days of receiving that request, on April 17, 2025, CBRE declined to provide any deposition dates, insisting that no depositions would be scheduled until written discovery had concluded. *Id.* The parties engaged in both written and verbal meet-and-confer efforts, but as of April 23, 2025, Defendant's counsel continued the company's refusal to offer any deposition dates for CBRE's disclosed witnesses. *Id.*

The same pattern of delay and non-response persisted with regard to Mr. Latessa in the months that followed. Then, on July 24, 2025, Plaintiff renewed its request for Mr. Latessa's deposition availability. *Id.* Initially, CBRE's counsel offered no response. Plaintiff's counsel followed up a week later, on August 1, 2025, and while Defendant's counsel replied on August 4, 2025, that response remained unchanged; CBRE continued its refusal to offer Plaintiff any available dates for conducting Mr. Latessa's deposition. *Id.*

On August 7, 2025, Plaintiff wrote to CBRE's counsel noting that this prolonged failure to propose available dates when Mr. Latessa could be deposed was at odds with representations CBRE's counsel had made to this Court during a telephone status conference held on July 30, 2025. *Id.* Plaintiff advised that, given Defendant's ongoing non-compliance, Plaintiff intended to notice Mr. Latessa's deposition for August 20, 2025 — in advance of the mediation scheduled for August 29, 2025 — while remaining open to reasonable scheduling accommodations. *Id.*

On August 8, 2025, Plaintiff filed a formal notice setting Mr. Latessa's deposition for August 20, 2025, at 10:00 a.m., in Cincinnati, Ohio. *Id.* at PageID 997. CBRE's counsel did not respond until August 14, 2025, only to refuse to provide any available dates when Mr. Latessa could be deposed. *Id.* On August 18, 2025, as accommodation to Defendant, CBRE agreed to reschedule the depositions of two of Defendant's other noticed witnesses but again

declined to do the same for Mr. Latessa; like in previous exchanges CBRE's counsel refused to offer any dates when Mr. Latessa could be made available. *Id.* That same day, Defendant's counsel wrote to advise that it would not provide available times for Mr. Latessa to be deposed until after the August 29 mediation had taken place, and that it would not produce him under the existing notice. *Id.*

On August 19, 2025, Plaintiff responded that the deposition notice would stand. *Id.* That same day, CBRE sent a reply again declining to provide pre-mediation availability for Mr. Latessa and reiterating the company's refusal to comply with the notice. *Id.* Plaintiff responded in kind, confirming that the deposition would proceed as scheduled on August 20, 2025. *Id.* Mr. Latessa did not appear for his deposition on August 20, 2025. *Id.* Despite having prevented Plaintiff from taking Mr. Latessa's deposition on October 10, 2025, CBRE submitted an affidavit executed by Mr. Latessa in support of its motion for summary judgment. *Id.*

## II.  LAW AND ANALYSIS

### A. Rule 30: Depositions by Oral Examination

Rule 30 of the Federal Rules of Civil Procedure governs depositions of a party by oral examination. The party seeking to depose "must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address; if the name is not known, the notice must provide a description "sufficient to identify the person or the particular class or group to which the person belongs." Fed. R. Civ. P. 30(b)(1). The notice must also identify the method by which the deposition will be recorded. Fed. R. Civ. P. 30(b)(3)(A).

3

If the deponent is an entity, the entity named in the notice "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . ." Fed. R. Civ. P. 30(b)(6). The notice itself must "describe with reasonable particularity the matters for examination." *Id.* A Rule 30(b)(6) notice is directed to the organization, not to any particular individual; it is the organization's obligation, upon receipt of that notice, to select and produce an appropriate designee or designees. *See* Fed. R. Civ. P. 30(b)(6).

The persons so designated "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). This is a substantive obligation: the organization "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought" and to prepare those persons to answer fully and completely the questions posed on the noticed topics. The duty to prepare extends beyond the designee's personal knowledge and may require review of documents, conversations with current or former employees, or other reasonable inquiry. Importantly, the testimony of a Rule 30(b)(6) designee is not merely personal testimony — it is the testimony of the organization itself, binding the entity on the matters covered during the deposition.

### B.  Rule 37: Failure to Make Disclosure or Cooperate in Discovery; Sanctions

Federal Rule of Civil Procedure 37 governs the failure to make disclosures or otherwise fail to cooperate in discovery. Fed. R. Civ. P. 37. Specifically, Rule 37(d)(1)(A)(i) empowers this Court to order sanctions if "a party or a party's officer, director, or managing agent—or person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions available for a party's failure to appear include: (i) directing that the matters

embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"As a general rule, a party or person must seek a protective order from the court under Rule 26(c) if he [or she] desires not to appear or respond to a discovery request." *Evenflo Co. v. Hantec Agents Ltd.*, No. 3:05-cv-346, 2006 U.S. Dist. LEXIS 56269, at *9 (S.D. Ohio Aug. 2, 2006) (quoting *In re Air Crash Disaster At Detroit Metropolitan Airport On August 16, 1987*, 130 F.R.D. 627, 630 (E.D. Mich. 1989)). However, objections must generally be filed before the date of the deposition, and failure to seek relief prior to the date of the deposition precludes a later objection. *Id*. Moreover, a failure of Federal Rule of Civil Procedure 37 cannot be excused on the grounds that the discovery sought was objectionable unless the party who has failed to act has a pending motion for a protective order under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 37(d)(2).

### C. The Noticed Deposition to Mr. Latessa was Improper as are Sanctions

At present, as relates to Mr. Latessa, two issues remain in dispute. First, Plaintiff contends that the deposition notice was proper because Mr. Latessa qualifies as an officer, director, or managing agent of CBRE — and, second, that Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure authorizes sanctions for his failure to appear. Doc. 67, PageID 1121–22; Doc. 79, PageID 1528–29.

5

A witness who is not an officer, director, or managing agent of a corporate party *cannot* be compelled to appear by deposition notice alone; instead, the examining party must serve a subpoena pursuant to Federal Rule of Civil Procedure 45, or, if the witness is located abroad, must employ the procedures of the Hague Convention or other applicable treaty. *EEOC v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-0233, 2007 U.S. Dist. LEXIS 14496, at *5 (S.D. Ohio Feb. 28, 2007) (citing *Stone v. Morton Int'l*, 170 F.R.D. 498, 503 (D. Utah 1997)).

The relevant inquiry is whether the deponent holds the requisite status as a managing agent at the time the deposition is noticed — not at the time the underlying events occurred. *Id.* at *5–6 (citing *In re Honda Motor Co., Inc., Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996)). The party noticing the deposition bears the burden of establishing that status. *Id.* at *6. That burden, however, is modest: it is satisfied by a showing sufficient to demonstrate that there is at least a close question as to whether the individual qualifies as an officer, director, or managing agent of the corporate opponent. *Id.* (citing *Boss Mfg. Co. v. Hugo Boss AG*, No. 97 Civ. 8495, 1999 WL 20828, at *2 (S.D.N.Y. Jan. 13, 1999)). Any doubt is resolved in favor of the examining party, with the ultimate determination of whether the witness's testimony binds the corporation reserved for trial.

Plaintiff argues that Mr. Latessa qualifies as a managing agent of CBRE and thus sanctions under Rule 37 are available based on CBRE's refusal to produce him at the scheduled deposition. Doc. 67, PageID 1122–23. In support of this, Plaintiff relies solely on Mr. Latessa's title as President of Advisory Services and his LinkedIn profile's description of oversight over fourteen Midwest offices and his skills in management. *Id.* But the managing agent inquiry does not turn on title or general supervisory responsibility; rather it turns on the

6

individual's "functions, responsibilities, and authority . . . respecting the subject matter of the litigation." *Libbey Glass v. Oneida Ltd.*, 197 F.R.D. 342, 350 (N.D. Ohio 1999).

A frequently repeated set of factors for determining whether the deponent is a managing agent include: "a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act 'in an inferior capacity' under close supervision or direction of 'superior authority.' He must be a person who has 'the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.'" *Id.* at 350 (quoting *Krauss v. Erie R. Co.*, 16 F.R.D. 126, 127 (S.D.N.Y 1954)).

The Court concludes that Plaintiff has not met its burden of demonstrating that there is a close question of whether Mr. Latessa is an officer, director, or managing agent of CBRE. Plaintiff has made no showing that Mr. Latessa's role overseeing advisory operations in the Midwest has any connection to the claims at issue here. To the contrary, and looking ahead slightly to the summary judgment motion still pending, Mr. Latessa's own affidavit reflects that his relevant knowledge is limited to Plaintiff's failure to repay a $125,000 loan made by CBRE — a discrete financial matter that does not suggest the kind of general discretionary authority over the subject matter of this case — Plaintiff's 2021 employment contract with CBRE — that would qualify him as a managing agent. Latessa Aff., Doc. 52, ¶ 3. Even assuming Mr. Latessa exercises general discretion as President of Advisory Services and does not act in an "inferior capacity" in the day-to-day sense, that showing is insufficient. The inquiry must focus on his authority "respecting the subject matter of the litigation," not his general corporate rank. *Libbey*, 197 F.R.D. at 349–350. Although Mr. Latessa concedes

knowing generally of Plaintiff's previous 2015 employment with CBRE, and that he was being recruited again, Mr. Latessa had no capacity to recruit, hire, fire, or dictate the terms of the employment contract at issue here when Plaintiff returned to CBRE. Latessa Aff., Doc. 52, ¶¶ 3, 11. The extent of Mr. Latessa's involvement with Plaintiff's most recent employment was alerting Global Workplace Solutions to Plaintiff's outstanding debt. *Id.* ¶ 12.

Because Mr. Latessa is not an officer, director, or managing agent of CBRE, Plaintiff was required to secure his attendance at deposition by subpoena pursuant to Federal Rule of Civil Procedure 45, not by notice alone. *EEOC*, 2007 U.S. Dist. LEXIS 14496, at *4 (citing *Stone*, 170 F.R.D. at 503). Having failed to do so, the deposition notice directed to Mr. Latessa was procedurally improper, and the predicate for sanctions under Rule 37(d)(1)(A)(i) — failure of "a party's officer, director, or managing agent" to appear after proper notice — is absent. Fed. R. Civ. P. 37(d)(1)(A)(i).

## III.  CONCLUSION

Plaintiff's argument impermissibly conflates, for purposes of applying Rule 37(d)(1)(A)(i) sanctions, Mr. Latessa's general corporate title and rank at CBRE with the litigation-specific authority that the managing agent standard requires. *Libbey*, 197 F.R.D. at 349–50. His title as President of Advisory Services and his oversight of fourteen Midwest offices say nothing about his authority over the subject matter of this litigation — Plaintiff's 2021 employment contract with CBRE. The record reflects that Mr. Latessa played no role in recruiting Plaintiff, negotiating the terms of his return, or making any employment decisions connected to the claims at issue. *See generally* Latessa Aff., Doc. 52. His sole involvement appears to have been the ministerial act he performed of alerting Global Workplace Solutions to Plaintiff's outstanding debt — a function that reflects neither general

corporate discretion nor authority over the employment relationship at the heart of this case. *Id.* Because Plaintiff has not carried its burden of establishing that Mr. Latessa is an officer, director, or managing agent of CBRE, the deposition notice directed to him was procedurally deficient and the predicate for sanctions under Rule 37(d)(1)(A)(i), in this particular instance, is absent. *EEOC*, 2007 U.S. Dist. LEXIS 14496, at *4. Accordingly, Plaintiff's Motion to Strike the Affidavit of John Latessa and for Sanctions (Doc. 67) is **DENIED** .[1]

      **IT IS SO ORDERED.**

June 8, 2026

Jeffery P. Hopkins
Jeffery P. Hopkins
United States District Judge

---

[1] The parties and their attorneys, in particular, are reminded of their ongoing obligations and responsibilities under S.D. Ohio Civ. R. 37.1. *See Oro BRC4, LLC v. Silvertree Apartments, Inc.*, No. 2:19-CV-4907, 2022 WL 19558082, at *3 (S.D. Ohio Mar. 18, 2022) (Local Rule 37.1 specifically provides that "[o]bjections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.") The rule continues: "After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case." S.D. Ohio Civ. R. 37.1. The Court is of the opinion that the filing of the current Motion for Sanctions could have been avoided had counsel worked harder on the timing and sequence for conducting discovery, given that the deposition sought of Mr. Latessa was clearly obtainable under Federal Rule of Civil Procedure 45. In any case, future nonadherence to the provisions of Local Rule 37.1, may result in sanctions against both parties and their attorneys. *See also* Fed. R. Civ. P. 37(a)(1) ("[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that *the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.*") (emphasis added).